(34 Misc. Rep. 372.)

### AINSWORTH v. RHINES.

(Supreme Court, Trial Term, Jefferson County. March, 1901.)

1. LEASE—OPTION TO PURCHASE—LIABILITY OF PURCHASER.

Where defendant held a piano under an agreement for lease or sale, with an option to purchase for a fixed sum, providing that the lessee should be liable for the value of the piano if destroyed or not returned, the election of the lessee to purchase the piano is final, and a subsequent default and offer to return the piano, where it is thereafter destroyed by fire, is not enough to relieve the lessee from paying the price or value thereof.

2. CONTRACT OF SALE—RESCISSION.

Where an agreement for the sale of a piano gives the seller the right, on default, to retake the piano and terminate the contract, it gives the purchaser no right to return the piano and terminate the contract on becoming dissatisfied.

3. SAME—ASSIGNMENT.

Where a contract providing for the sale of a piano was assigned by the vendor as security for a loan, and was redelivered to him in payment thereof, title to the contract was restored to the seller, so that he could assign the contract thereafter to another.

Action by Silas K. Ainsworth against John W. Rhines. Judgment for plaintiff.

Brown, Carlisle & Hugo, for plaintiff.
Lot C. Alston, for defendant.

HISCOCK, J. This action is brought to recover the balance of the purchase price, or the balance of the value, of a piano delivered by plaintiff's assignor, one McDowell, to the defendant, under an agreement in writing which is set forth in the complaint. Without recapitulating that agreement in full, it will be observed that under it the defendant might become liable in any one of three ways: He might be liable simply as lessee of the piano for 36 months at $6 per month. He might become liable as purchaser of the piano for the sum of $275, under the option given him in said agreement. He might become liable for said sum of $275 fixed as the value of the piano, through the same becoming destroyed while in his possession, or through his not returning the same to McDowell on demand. The plaintiff seeks to charge him with liability upon each of the last two grounds,—that is, as purchaser, and for failure to return the piano upon demand; and it seems to me that plaintiff is entitled to recover said sum, less certain credits which he concedes should be made. The agreement clearly and plainly gave to defendant the

option to purchase this piano, paying for it the sum of $275, as prescribed therein. It is charged in the complaint and admitted in the answer that he availed himself of this option, and elected to purchase the piano, and paid several installments thereon. Outside of the admissions in the pleadings, the evidence shows that he accepted said option and undertook the purchase of the piano. So, also, it is charged in the complaint and admitted in the answer that plaintiff or his assignor duly demanded the return of the piano, in accordance with the provisions of said agreement, and that the defendant has refused and neglected to return the same. The fact is that the piano, before the commencement of this action, was destroyed by fire, and this action really involves the question of who is to suffer the loss thereby. Defendant, not in any manner denying the agreement set forth in the complaint, or the facts making him liable thereunder, urged by plaintiff, urges as his real defense that he offered and sought to return the piano to plaintiff's assignor at some time, and that the latter refused to accept it. The evidence shows that the parties got into friction and disagreement over the question whether defendant should pay interest upon sums unpaid upon the contract. The contract covered this subject, but defendant, in substance, insisted that he was not able to and could not pay the same. When McDowell refused to relieve him from the payment of interest, he (defendant) sought to terminate his contract and return the piano; and he claims that this has released him from liability in this action. I do not think that this is so. The vendor or lessor of the piano had the right, under certain circumstances, to terminate the contract and retake the piano, but this was a privilege and option secured to him which was not extended to the defendant. Neither the contract nor the principles of law gave defendant the right, if he became sick of his contract, to terminate it, and return the piano and escape further liability. As to him, the contract fixed his liability, and did not give him the right to terminate it.

Some question was raised upon the trial as to the sufficiency of the assignment by McDowell to plaintiff, but I think that there is sufficient evidence to sustain a finding of such assignment. It seems that this contract at some time was assigned to a bank by McDowell as security for a loan. This loan was paid up, which terminated the rights of the bank under the assignment. In addition to that, when the loan was paid up, necessarily with the consent of the bank, the assignment to it was destroyed, and the contract returned to McDowell. While this may not have been the most formal retransfer of the assignment, I have no doubt that it was sufficient to cancel the transfer to the bank, and restore title to the contract in McDowell, who subsequently assigned to plaintiff. These conclusions lead to a judgment in favor of the plaintiff for the sum of $275 and interest, less the amounts conceded to be credited thereon by plaintiff.

Judgment for plaintiff.